IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANNA M. KUEHN-OSTERTAG, on behalf of herself and others similarly situated, | : : : : : | NO.   02-CV-3519 |
| vs. | : : | |
| GORDIN & BERGER, P.C. AND EDWARD L. BERGER, ESQUIRE. | : : : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

For the reasons set forth more fully in the attached Memorandum of Law, plaintiff Deanna M. Kuehn-Ostertag and defendants Gordin & Berger, P.C. and Edward L. Berger, Esquire, by counsel, hereby move the Court for an order approving the settlement of this action.

Respectfully submitted,

LAW OFFICES OF RICHARD N. LIPOW, ESQUIRE

By: _____
    RICHARD N. LIPOW (I.D. No.    )
    One Bacton Hill North
    Suite 109
    Malvern, PA 19355
    (610) 251-2500

Attorney for Plaintiff
Deanna M. Kuehn-Ostertag

CHRISTIE, PABARUE, MORTENSEN AND YOUNG
  A Professional Corporation

By: _____
    JAMES W. CHRISTIE (I.D. No. 12068)
    1880 JFK Blvd., 10th Floor
    Philadelphia, PA 19103
    (215) 587-1600

Attorneys for Defendants Gordin & Berger, P.C. and Edward L. Berger, Esquire

Dated: August 9, 2002

386315_1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DEANNA M. KUEHN-OSTERTAG, on behalf of herself and others similarly situated, | : : : : : | NO.   02-CV-3519 |
| vs. | : : | |
| GORDIN & BERGER, P.C. AND EDWARD L. BERGER, ESQUIRE. | : : : | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION**
**FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Plaintiff Deanna M. Kuehn-Ostertag (hereinafter alternatively "plaintiff" or "Ms. Kuehn-Ostertag"), and defendants Gordin & Berger, P.C. and Edward L. Berger, Esquire (collectively and alternatively "defendants" or "Attorney Berger"), hereby jointly request that the Court conditionally approve a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Rule 23.1.  In support of this motion, the parties respectfully assert as follows:

### I.   NATURE OF THE LITIGATION

Plaintiff filed a lawsuit against Attorney Berger on May 31, 2002, on behalf of herself and a class of consumers who received a letter from defendants that was substantially in the form of the March 11, 2002 letter attached as Exhibit A to the Complaint, a true and correct copy of which is attached hereto, with the March 11, 2002 letter, as Exhibit 1.  The letter in question concerned an outstanding student loan owed by the plaintiff to Drexel University in Philadelphia.

Plaintiff alleges that the letter sent by defendants violates the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and its state correlate, the Fair Credit Extension Uniformity Act, 73 P.S. § 2270 et seq. ("FCEUA") because among other things: (1) the validation notice required by § 1692g(a) of the FDCPA (and by incorporation, the FCEUA) was included on the second page of the letter as an enclosure; (2) the notice of intent to collect a debt required by 15 U.S.C. § 1692e(11) of the FDCPA was included in smaller type at the bottom of the letter; (3) the reference to a potential lawsuit overshadowed the validation notice as included in the enclosure to the letter; and (4) the defendants were attempting to collect interest and attorney's fees not authorized under the plaintiff's student loan agreement with Drexel University.

Defendants deny liability to the plaintiff or any other person who received letters from Attorney Berger on behalf of Drexel University and/or any other educational institution. The parties entered into a settlement agreement, pending the approval of this Court, prior to the July 22, 2002 date stipulated by the parties for the submission of an answer to the plaintiff's Complaint. As of this date, the plaintiff has not filed a motion for class certification.

Defendants join in the instant request for approval of the settlement in order to comply with the requirements of Federal Rule of Civil Procedure 23(e), requiring the Court to approve all settlements involving class action complaints. In the event that the settlement is not approved or as may otherwise be provided in the settlement agreement between the parties, the parties stipulate that the settlement agreement will be set aside and neither this motion nor the settlement agreement will in any way prejudice defendants' rights to contest certification of the class (upon motion by the plaintiff) or the merits of plaintiff's putative claims on any legal or equitable grounds.

386315_1

## II.    NATURE OF SETTLEMENT

Plaintiff and defendants have agreed in principle to a settlement of this suit prior to the certification of a class.  The essential terms of the settlement with defendants are as follows:

1)    Payment to the plaintiff of $1,000, representing the maximum statutory damages recoverable under the FDCPA for an individual action.  15 U.S.C. § 1692k(a)(1);

2)    Payment to plaintiff's counsel of $6,200.74 for the reasonable attorney's fees of plaintiff's counsel, Richard N. Lipow, Esquire and Gerald Berkowitz, Esquire, as recoverable under the FDCPA.  15 U.S.C. § 1692k(a)(3); and

3)    The agreement of defendants to revise their collection letters issued on behalf of Drexel University and/or any other educational institution in a form substantially similar to that included as Exhibit 2 to the instant motion.

The proposed settlement is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the rights of the class as alleged in the Complaint (but not certified).

The proposed settlement provides substantial benefits to the class as alleged in the Complaint as all future persons who receive letters from Attorney Berger on behalf of Drexel University and/or any other educational institution will receive the statutory notices required under the FDCPA and the FCEUA in a clear manner and in the same size type on one page.

Counsel for plaintiff represents to the Court that the proposed settlement was reached through extensive arms-length negotiations between the parties.  Counsel for plaintiff further represents to the Court that, under the current state of the law, which he has zealously researched, the absence of any potential for monetary recovery by the class is such that an agreement by the defendants to alter their business practices constitutes sufficient consideration to support the proposed settlement agreement.

386315_1

### III. THE SETTLEMENT ADEQUATELY SATISFIES THE REQUIREMENTS FOR PRELIMINARY APPROVAL

The proposed settlement of a class action requires approval by the Court. F.R.Civ.P. 23(e). The approval of a proposed settlement of a class action suit is a matter within the broad discretion of the trial court. Class Plaintiffs v. City of Seattle, 19 F.3d 1291 (9th Cir. 1994). In considering a potential settlement for preliminary approval purposes, the trial court does not have to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute, Detroit v. Grinnell Corp., 495 F.2d 448, 456 (2d Cir. 1974), and need not engage in a trial on the merits. Officers for Justice v. Civil Service Commission, 689 F.2d 615 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983).

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires a judgment and evaluation by the attorneys for the parties based upon a comparison of "the term of the compromise with the likely rewards of litigation." Weinberger v. Kendrick, 698 F.2d 61, 73 (2d Cir. 1982), cert. denied 464 U.S. 818 (1983) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968)). Therefore, many courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight. Kerkorian v. Borelli, 695 F. Supp. 446, 451 (N.D. Cal. 1988); Reed v. General Motor Corp., 703 F.2d 170, 175 (5th Cir. 1983); Weinberger, 698 F.2d at 74; Armstrong v. Board of School Directors, 616 F.2d 305, 325 (7th Cir. 1980); Fisher Bros. v. Cambridge-Lee Indus. Inc., 630 F. Supp. 482, 489 (E.D. Pa. 1985). For example, in Lyons v. Marrud, Inc., [1972-1973 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,525 (S.D.N.Y. 1972), the court noted that "[e]xperienced and competent counsel have assessed these problems and the probability of success on the merits. They have concluded that compromise is

386315_1

well-advised and necessary. The parties' decision regarding the respective merits of their position has an important bearing on this case." Id. at ¶ 92,520.

In determining whether a class action should be approved, the threshold inquiry is whether the proposed settlement is fair, adequate and reasonable. Collier v. Montgomery County Housing Authority, 192 F.R.D. 176 (E.D. Pa. 2000). To determine this, the court looks at the following factors to determine if the proposed settlement is substantively reasonable:

> 1) the complexity, expense, and likely duration of the litigation;
> 2) the reaction of the class to the settlement;
> 3) the stage of the proceedings and the amount of discovery completed;
> 4) the risks of establishing liability;
> 5) the risks of establishing damages;
> 6) the risks of maintaining the class action through the trial;
> 7) the ability of the defendant to withstand a greater settlement;
> 8) the range of reasonableness of the settlement fund in light of the best possible recovery; and
> 9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Girsh v. Jepson, 521 F.2d 153, 157 (3d. Cir. 1975).

In addition to being substantively reasonable in relation to the risks and likely rewards of litigation, the proposed settlement must be "the result of good faith, arms length negotiations." Collier, 192 F.R.D. 176, 2000 U.S. Dist. LEXIS 8457, *19 (quoting Fisher Bros. V. Cambridge-Lee Indus., Inc., 630 F. Supp. 482, 487 (E.D. Pa. 1985). In evaluating this requirement, courts proceed as follows:

> If the proposed settlement appears to be the product of serious informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement.

386315_1

Id. at *20.  A finding that these factors are present establishes an initial presumption of fairness. Id.  Here, the proposed settlement meets these standards.

The proposed settlement is reasonable when considered in light of the allegations of the Complaint, the law of the Third Circuit regarding the "least sophisticated consumer" standard and the applicable statutory limitations on damages.  These factors demonstrate that the instant proposed settlement is an acceptable result for the uncertified class.

The proposed settlement is the product of serious, informed and non-collusive negotiations.  Defendants have concluded that it is desirable that this action be settled in the manner and upon the terms and conditions set forth above in order to avoid the expense, inconvenience, and burden of further legal proceedings, and the uncertainties of trial and appeals.

Plaintiff and her counsel recognize the expense and length of a trial in this action against defendants through possible appeals, which could take several years.  They have also taken into account the uncertain outcome and risk of litigation, especially in complex actions such as this, plus the inherent problems of, proof under, and alleged defenses to, the claims asserted in the action.  Plaintiff and her counsel believe that the settlement set forth above confers substantial benefits upon the proposed and uncertified class.  In negotiating the settlement, counsel had the benefit of documents provided by defendants in order to weigh the risk of litigation against the benefits and certainty that the settlement provides.  Based upon their evaluation, plaintiff and her counsel have determined that the settlement is in the best interest of all parties, including a potential class.

386315_1

Accordingly, plaintiff and defendants jointly request that the Court grant the relief as set forth in the foregoing proposed Order of Preliminary Approval.

| LAW OFFICES OF RICHARD N. LIPOW, ESQUIRE | CHRISTIE, PABARUE, MORTENSEN AND YOUNG<br>A Professional Corporation |
|---|---|
| By: _____<br>RICHARD N. LIPOW (I.D. No.    )<br>One Bacton Hill North<br>Suite 109<br>Malvern, PA  19355<br>(610) 251-2500<br><br>Attorney for Plaintiff<br>Deanna M. Kuehn-Ostertag | By: _____<br>JAMES W. CHRISTIE (I.D. No. 12068)<br>1880 JFK Blvd., 10th Floor<br>Philadelphia, PA 19103<br>(215) 587-1600<br><br>Attorneys for Defendants Gordin & Berger, P.C.<br>and Edward L. Berger, Esquire |

Dated: August 9, 2002.

386315_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANNA M. KUEHN-OSTERTAG, on behalf of herself and others similarly situated, : : : : : vs. : : GORDIN & BERGER, P.C. AND : EDWARD L. BERGER, ESQUIRE. : : | NO.   02-CV-3519 |

### **ORDER**

AND NOW, this ____ day of _____ 2002, upon consideration of the Joint Motion to Approve Settlement of the parties, it is hereby ORDERED and DECREED that the settlement of this action is APPROVED under the terms set forth in the parties' Memorandum of Law in support of their Joint Motion.

                                              J. CURTIS JOYNER, J.

386315_1

<u>**DEANNA M. KUEHN-OSTERTAG, ET AL. V. GORDIN & BERGER, P.C. AND EDWARD L. BERGER, ESQUIRE**</u>

**JOINT MOTION FOR APPROVAL OF SETTLEMENT ALONG WITH <u>SUPPORTING MEMROANDUM OF LAW</u>**

**EXHIBIT 1**

**Plaintiff's March 11, 2002 Letter**

386315_1

**<u>DEANNA M. KUEHN-OSTERTAG, ET AL. V. GORDIN & BERGER, P.C.
AND EDWARD L. BERGER, ESQUIRE</u>**

**JOINT MOTION FOR APPROVAL OF SETTLEMENT ALONG WITH
<u>SUPPORTING MEMROANDUM OF LAW</u>**

**EXHIBIT 2**

**Draft Letter**

386315_1

386315_1